UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ACT FOR HEALTH, </br> d/b/a PROFESSIONAL CASE MANAGEMENT, </br> </br> Plaintiff, </br> </br> v. </br> </br> CASE MANAGEMENT ASSOCIATES, INC., </br> d/b/a FREEDOM CARE, </br> </br> Defendant. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) | No.: 3:12-CV-442-TAV-HBG |

### MEMORANDUM OPINION AND ORDER

This civil action is before the Court on plaintiff Act for Health's Motion to Ratify, Join, or Substitute PCM of Tennessee [Doc. 61], in which plaintiff Act for Health, doing business under the name Professional Case Management ("PCM"), requests leave to substitute or join PCM of Tennessee pursuant to Rule 17 of the Federal Rules of Civil Procedure. Defendant Case Management Associates, Inc., doing business as Freedom Care ("Freedom Care"), submitted a response in opposition to the motion [Doc. 67], to which Act for Health submitted a reply [Doc. 73].

I.  **Relevant Background**

This case arises from plaintiff's provision of skilled and unskilled in-home care to former weapons site workers under the Energy Employees Occupational Illness Compensation Program Act ("EEOICPA"), 42 U.S.C. § 7384, *et seq.* [Doc. 1 ¶ 7]. Plaintiff, doing business under the name Professional Case Management ("PCM"), has

been providing in home health care to EEOICPA patients since 2002, including patients in Tennessee [*Id.* ¶¶ 11-12]. PCM serves as an enrolled provider with the Department of Labor, from which PCM receives a fee for the home health care services it provides, while its wholly-owned subsidiary, PCM of Tennessee, serves as a licensed Home Care Organization in the State of Tennessee [*Id.* ¶ 12]. Plaintiff alleges that all information pertaining to its EEOICPA patients, and the methods for obtaining such patients, are trade secrets, and that in order protect this and other proprietary information, PCM requires its home healthcare providers to execute restrictive covenant agreements [*Id.* ¶ 16]. PCM's employees also agree that, for a period of one year following their separation from PCM, they will not provide or attempt to provide home health services to PCM's patients or prospective patients with whom the employee previously had contact [*Id.* ¶ 17], nor will they attempt to solicit or otherwise recruit any current PCM employee [*Id.*].

Plaintiff alleges that defendant, under the name Freedom Care, has been providing similar in-home health services in Tennessee without the necessary Home Care Organization licensure [Doc. 1 ¶ 22]. In providing this care, plaintiff alleges that defendant has solicited or attempted to solicit several of PCM's patients, specifically offering monetary incentives as well as non-health care services in order to recruit those patients away from PCM [*Id.* ¶¶ 23]. Defendant, plaintiff argues, also induced several of PCM's employees and former employees to breach their agreements with PCM, by hiring PCM nurses or former nurses and providing monetary incentives for them to recruit patients from PCM to defendant's services [*Id.* ¶ 25].

2

Plaintiff filed this action on August 22, 2012, alleging claims for tortious interference with contractual relations and inducement to breach, unfair competition, as well as violations of the Tennessee Consumer Protection Act, and Tenn. Code Ann. § 68-11-229, which prohibits home care organizations from soliciting patients to change home care organizations, seeking damages and injunctive relief.  After discovery, defendant filed a Motion for Summary Judgment [Doc. 34], in support of which defendant argues that plaintiff is not the proper party as to several of its claims; rather, PCM of Tennessee is the proper plaintiff [*See* Doc. 41 at 19; Doc. 58- at 10-12].  In response, plaintiff filed the present motion pursuant to Rule 17 of the Federal Rules of Civil Procedure.[1]

**II.    Analysis**

In support of its motion, plaintiff argues that adding PCM of Tennessee as a party to this case is appropriate under Rule 17, and would not alter in any way the factual allegations involved in the litigation [Doc. 61 at 3].  Plaintiff notes that plaintiff's president, who is also the president of PCM of Tennessee, has ratified the action, and that PCM of Tennessee agrees to be bound by the rulings and orders in this action [*Id.*].[2]  Joining PCM of Tennessee as a party, plaintiff contends, would also not prejudice defendant and would promote judicial efficiency.  Defendant opposes the motion, arguing

---

[1] Plaintiff has also filed a Motion for Partial Summary Judgment [Doc. 31], which does not address the issues raised in the present motion.

[2] Given PCM of Tennessee's willingness to be joined in this action, and the party's agreement that PCM of Tennessee may properly assert plaintiff's tortious interference and unfair competition claims, the Court will assume for the purpose of this motion that PCM of Tennessee is the real party in interest as to these claims.

first that plaintiff lacks standing in this case, thereby precluding it from being able to raise any such motion for substitution or joinder, as standing to sue is a jurisdictional requirement [Doc. 67 at 5]. In addition, defendant argues that plaintiff's request is untimely and would result in prejudice to defendant [*Id.* at 5-6].

> Rule 17 of the Federal Rules of Civil Procedure, in relevant part, states as follows:
>
> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a)(3). Generally, a case should not be dismissed when substitution of the real party in interest is necessary to avoid injustice, and "'[a] Rule 17(a) substitution should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or participants.'" *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 534 (6th Cir. 2004) (Gilman, J., concurring) (quoting *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997)). The *Zurich* Court noted, however, that the relief afforded by Rule 17 "must be read with the limitation that a federal district court must, at a minimum arguably have subject matter jurisdiction over the original claims." *Id.* at 531. "Article III standing is a jurisdictional requirement that cannot be waived, and such may be brought up at any time in the proceeding." *Id.* (citing Fed. R. Civ. P. 12(h)(3)). There are several elements to establish Article III standing: first, the plaintiff must have suffered "an injury in fact" which is concrete and particularized; second, there must be a causal connection between

the injury and the conduct complained of; and third, it must be likely that the injury can be redressed by a favorable decision. *Kardules v. City of Columbus*, 95 F.3d 1335, 1346 (6th Cir. 1996) (quotations omitted).

Defendant, in opposing plaintiff's Rule 17 motion, argues that plaintiff does not have standing to bring this suit because it has not sustained any damages, and thus has not suffered an injury in fact. The Court disagrees. In addition to plaintiff's claims of interference with contractual relationships, unfair competition, and violations of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, *et seq.*, and Tenn. Code Ann. § 68-11-229, claims for which PCM of Tennessee is likely the real party in interest, plaintiff's complaint also asserts a claim for defendant's tortious inducement of plaintiff's employees to breach their restrictive covenant agreements [Doc. 1 ¶¶ 66-73]. In reviewing the briefs submitted in relation defendant's pending summary judgment motion, the Court notes that the parties do not appear to dispute that the nurses in question were hired by plaintiff, and that their employment agreements were with plaintiff itself, rather than PCM of Tennessee. These nurses were then leased or otherwise loaned to PCM of Tennessee to provide services to clients registered with PCM of Tennessee [Doc. 41 at 7]. Thus, in inducing plaintiff's employees to violate their agreements with plaintiff, as plaintiff alleges, defendant caused harm to plaintiff. While defendant relies upon the fact that plaintiff has not presented any calculated damages in support of its argument that there is no injury, defendant does not cite any case law for the idea that such a calculation is necessary, and the Court finds that plaintiff has shown

5

harm for Article III standing purposes. The Court similarly concludes that such harm could be redressed by a final decision of the Court, either in the form of damages or injunctive relief, as requested by plaintiff [*See* Doc. 1]. In addition, the Court finds that the cases relied upon by defendant in support of its position are inapposite to the facts of this case. The first case to which defendant cites, *Woodall v .Underwriters at Lloyd's, London*, Case No. 4:06-cv-71; 2007 U.S. Dist. LEXIS 31071 (E.D. Tenn. Apr. 26, 2007) (Mattice, J.), involved a representative of a trust attempting to amend the complaint to add the trust, wherein the representative herself had suffered no injury, unlike plaintiff in this case. Similarly, *MSS, Inc. v. Maser Corporation*, Case No. 3:09-cv-00601, 2011 U.S. Dist. LEXIS 79261 (M.D. Tenn. July 18, 2011), involved the question of whether, under Tennessee law, a corporation could sue for the injuries suffered by its subsidiary, whereas here, plaintiff, the parent corporation, has alleged harm that is separate and distinct from the harms suffered by its subsidiary, PCM of Tennessee.

Turning to defendant's arguments with respect to the timeliness of plaintiff's invocation of Rule 17, courts have noted that "[w]hat constitutes a reasonable time is within the Court's discretion," *Lowren Dow v. Rheem Mfg. Co.*, Case Number 09-13697-BC, 11-10647-BC, 2011 U.S. Dist. LEXIS 58346, at *6 (E.D. Mich. June 1, 2011) (collecting cases), taking into consideration "the specific facts of each case." *Id.* In this case, defendant first raised the issue of whether plaintiff was the real party in interest in its summary judgment filings [Doc. 41 at 19]. Plaintiff indicated in its response brief that it would be filing a motion under Rule 17 to address this issue [Doc. 51 at 11, n.5], giving
6

notice to defendant that plaintiff would seek to add PCM of Tennessee as a party. This is evidenced by the fact that defendant addressed plaintiff's position in its reply brief [Doc. 58]. Although plaintiff did not file its formal motion until after briefing on the pending motion for summary judgment was completed, the Court concludes that plaintiff's motion was timely under the circumstances and facts of this case. While the Court notes that any prejudice to defendant from plaintiff's delayed filing appears to be minimal, given that the underlying facts and allegations of this case would not change by adding PCM of Tennessee as a party to this matter, the Court finds that any such prejudice will be mitigated by permitting defendant to submit supplemental briefing in support of the pending summary judgment motion [Doc. 34].

### III. Conclusion

For the reasons previously discussed, plaintiff's Motion to Ratify, Join, or Substitute PCM of Tennessee [Doc. 61] is hereby **GRANTED** to the extent that it is **ORDERED** that PCM of Tennessee be added as a party to this case. It is further **ORDERED** that defendant shall file any supplemental brief in support of its pending motion for summary judgment within **seven (7) days** of the entry of this Order, after which plaintiff will have **seven (7) days** for the filing of any supplemental response.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE